1

2

3

4

5                       UNITED STATES DISTRICT COURT

6                     EASTERN DISTRICT OF WASHINGTON

7   ISIDRO IBARRA-RAYA,                    )
                                           )        NO.    CR-08-0008-WFN-1
8                   Petitioner,            )
                                           )
9        -vs-                              )        ORDER ON MOTION TO
                                           )        VACATE, SET ASIDE OR
10  UNITED STATES OF AMERICA ,             )        CORRECT THE SENTENCE
                                           )
11                  Respondent.            )
                                           )
12  ───────────────────────────────────────

13         A § 2255 motion hearing was held February 29, 2012.  The Defendant, who is in

14  custody, was present and represented by Stephen Hormel and assisted by Court-appointed

15  interpreter Bea Rump; Assistant United States Attorney Aine Ahmed represented the

16  Government.  The parties addressed Mr. Ibarra-Raya's Motion to Vacate, Set Aside or

17  Correct the Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 119).  Previously the Court

18  ordered the Government to respond to the Motion (ECF No. 120).  The Government filed a

19  response (ECF Nos. 121, 125) and the Petitioner replied (ECF No. 126).  The Court has

20  reviewed the file and the Motion and is fully informed.  This Order is entered to memorialize

21  and supplement the oral rulings of the Court.  For the reasons stated at the hearing and for

22  the reasons stated below, the Court denies Mr. Ibarra-Raya's § 2255 Motion.

23                              **BACKGROUND**

24         On January 23, 2008, Mr. Ibarra-Raya was indicted for possession with the intent to

25  distribute 500 grams or more of cocaine.  Mr. Ibarra-Raya entered into a plea agreement with

26  the Government in which he agreed to plead guilty to the one count Indictment.  Under the

ORDER - 1

terms of the agreement, the Government recommended that the Court impose a prison term at the low end of the applicable Guideline range. The Plea Agreement stated that Mr. Ibarra-Raya's total offense level was either 21 or 23. In Mr. Ibarra-Raya's Presentence Investigation Report, the probation officer concluded that Mr. Ibarra-Raya's total offense level was 27, because under the sentencing guidelines the agreed upon quantity of the controlled substance shall be used to determine the offense level. U.S.S.G. § 2D1.1. In Mr. Ibarra-Raya's Plea Agreement, the statement of facts clearly state that Mr. Ibarra-Raya called the Source of Information [SOI] looking to sell five kilos of cocaine. At the meet, Mr. Ibarra-Raya brought one kilo of cocaine and stated he would bring the remaining four kilos of cocaine the next day if the buyer liked it (ECF No. 119 at 20 and 21). After carefully reviewing the Presentence Investigation Report, the Plea Agreement, and discussing the issue with counsel, the Court found that the relevant conduct justified a finding of five kilograms of cocaine. Accordingly, Mr. Ibarra-Raya's adjusted offense level was 27 and the sentencing range was 70 to 87 months. The Court then applied a downward variance and sentenced Mr. Ibarra-Raya to 60 months. Trial counsel filed a notice of appeal, but did not challenge the Court's finding of five kilograms of cocaine. Mr. Ibarra-Raya's current release date is January 10, 2013.

## APPLICABLE LAW

To gain relief under 28 U.S.C. § 2255, a petitioner must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief is timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255.

## DISCUSSION

In his Motion, Mr. Ibarra-Raya alleges ineffective assistance of counsel. Mr. Ibarra-Raya claims that before entering his guilty plea, he asked trial counsel if he would be

ORDER - 2

deported due to his conviction. Mr. Ibarra-Raya claims that counsel stated he "did not believe" Mr. Ibarra-Raya would be deported because this would be his first felony conviction (ECF No. 119 at 57). Mr. Ibarra-Raya's wife, Ms. Diaz, who at times translated for Mr. Ibarra-Raya in discussions with trial counsel, alleges that trial counsel used stronger language. In her declaration, she states that trial counsel said that Mr. Ibarra-Raya "would not be deported" (ECF No. 119 at 65). Trial counsel, Steven Frampton, contends that before Mr. Ibarra-Raya entered his guilty plea, counsel was asked about potential immigration consequences. Counsel states that he "explained he was not an immigration attorney, but that from [his] past knowledge, most first time felons usually did not get deported automatically even though [Mr. Ibarra-Raya] would have to answer to an immigration court" (ECF No. 119 at 55). Counsel states that he, "specifically advised [Mr. Ibarra-Raya] that he should consult with an immigration attorney about his immigration status." *Id.*

Defense counsel's postulation to Mr. Ibarra-Raya, that most first time felons usually did not get deported automatically, conflicted with what others told Mr. Ibarra-Raya. On June 17, 2008, United States Probation Officer Al Barrett interviewed Mr. Ibarra-Raya. He told Mr. Ibarra-Raya that after serving any sentence imposed by the Court, ICE would process him and likely deport him. According to Mr. Ibarra-Raya's PSR, Mr. Ibarra-Raya stated that if he was deported, he planed to travel to, and reside in the home of his parents in Tanques, Sinaloa, Mexico (ECF No. 87, ¶ 52). Mr. Ibarra-Raya's wife also told United States Probation Officer Al Barrett that if her husband was deported, that in order to survive financially, she and her children would be forced to relocate to Mexico (ECF No. 87, ¶ 56).

Mr. Ibarra-Raya was warned again about the likelihood of deportation at his sentencing on September 25, 2008. On that day, the Court stated, "[t]he only special condition of supervised release is that I want to remind you that I assume you will be deported . . . ." (ECF No. 119 at 44).

ORDER - 3

Mr. Ibarra-Raya was warned again about deportation in the Spring of 2009, while he was in custody.  At that time, Mr. Ibarra-Raya was given what he believed were deportation documents which he refused to sign, believing that if he did so he would be automatically deported.  Attached to his declaration describing this event, Mr. Ibarra-Raya includes an ICE detainer dated May 19, 2009.

Despite these repeated warnings of likely deportation, Mr. Ibarra-Raya and his wife did not contact counsel for more than a year after the Spring of 2009.  On January 21, 2011, Mr. Ibarra-Raya's wife met with an immigration attorney who told her that Mr. Ibarra-Raya would be automatically deported.  Almost six months later Mr. Ibarra-Raya filed this 28 U.S.C. § 2255 Motion on June 13, 2011.

**Timeliness**

Mr. Ibarra-Ray claims that his Motion is timely pursuant to § 2255(f)(4).  Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a "1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–"

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The Court notes that  § 2255(f)(2) is inapplicable and that under § 2255(f)(1), Mr. Ibarra-Raya's Motion would be untimely.  A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires.

ORDER - 4

*Clay v. United States*, 537 U.S. 522, 527 (2003). On November 18, 2009, the Ninth Circuit issued its mandate in Mr. Ibarra-Raya's case. From that date, Mr. Ibarra-Raya had 90 days and 1 year to file his motion. On February 16, 2011, Mr. Ibarra-Raya's time expired under § 2255(f)(1).

The Court also notes that on March 31, 2010, the Supreme Court held that to be constitutionally effective, defense counsel must inform his client whether his plea carries a risk of deportation. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). Many courts have had to determine whether *Padilla* restates existing law or states a new rule. For if *Padilla* states a new rule and one of two exceptions apply, it would restart the 1-year limitation on § 2255 motions under § 2255(f)(3). The Ninth Circuit has not ruled on the issue, and district courts are split.[1] However, this Court need not weigh in on the dispute, because the even if *Padilla* states a new rule *and* an exception applies, Mr. Ibarra-Raya's § 2255 Motion would be untimely under § 2255(f)(3) as it would have to have been filed more than a year after *Padilla*.

Under § 2255(f)(4),

A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way, and prevented timely filing. The petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time. The threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule.

*Porter v. Ollison*, 620 F.3d 952, 959 (internal quotation marks and citations omitted) (9th Cir. 2010).

Mr. Ibarra-Raya claims that the law does not require him to seek collateral review of a conviction at the earliest opportunity, it only requires him to have sound reasons for any delay in seeking relief. In support, Mr. Ibara-Raya cites to *United States v. Kwan*, 407 F.3d

---

[1] *See Torres v. United States*, 2011 WL 5025148, at *2 (W.D. Wa. Oct. 21, 2011).

ORDER - 5

1005, 1014 (9th Cir. 2009).  However, *Kwan* is inapplicable as it applies to coram nobis relief rather than relief under AEDPA.  *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir.2002) (finding that because petitioner was eligible for § 2255 relief *but for* the AEDPA time-bar, the Circuit held that he was ineligible for coram nobis relief).

In determining whether Mr. Ibarra-Raya was "diligent" under § 2255, the Court notes that the word has been defined by the Supreme Court as, "an inexact measure of how much delay is too much. But the imprecision here is no greater than elsewhere in the law when diligence must be shown . . . ."  *Johnson v. United States,* 544 U.S. 295 309 (2005).

Even giving Mr. Ibarra-Raya great leeway, the Court concludes that the facts supporting Mr. Ibarra-Raya's claim could certainly have been discovered through the exercise of due diligence by Spring of 2009, on or about May 19, 2009.  By that point in time, Mr. Ibarra-Raya (1) had been told by United States Al Barrett that he would likely be deported, (2) had stated his plan of returning to Mexico and living with his parents if he was deported, (3) had been told by the Court that it assumed he would be deported, (4) had a detainer lodged against him and (5) had refused to sign documents believing he would automatically be deported.  From that date, Mr. Ibarra-Raya had one year to file his Motion under § 2255(f)(4).  Because he did not file his Motion until June 13, 2011, the Court concludes that Mr. Ibarra-Raya's § 2255 Motion is untimely.

**Prejudice**

Assuming, *arrguendo*, that Mr. Ibarra-Raya's Motion is timely, the Court concludes that Mr. Ibarra would still not be entitled to relief because he would be incapable of meeting the second prong of *Strickland*:  prejudice.  Mr. Ibarra-Raya has failed to show that a decision to reject the plea bargain would have been "rational under the circumstances." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010).  Rather, given the potential mandatory minimums, the firearm involved, and the facts of the case, the consequences of trial were so onerous that Mr. Ibarra-Raya could not have rationally decided to go to trial.

ORDER - 6

**Certificate of Appealability.**

An appeal of this Order may not be taken unless this Court or a Circuit Judge issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes jurists of reason would not find the Court's rulings debatable. Thus, a certificate of appealability should not issue.  Accordingly,

**IT IS ORDERED** that:

1.   The Petitioner's § 2255 Motion, filed June 13, 2011, **ECF No. 119**, is **DENIED.**

2.   The District Court Executive is directed to:

   •    File this Order and  provide copies to counsel.

   •    Inform the Ninth Circuit Court of Appeals that if the Petitioner files a Notice of Appeal that a certificate of appealability is **DENIED**; and

   •    **CLOSE** the corresponding civil file, CV-11-0232-WFN.

**DATED** this 29th day of February, 2012.


                              s/ Wm. Fremming Nielsen
                         _____
02-22-12                      WM. FREMMING NIELSEN
                         SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7